In the Matter of the Claim of WILLIAM HABER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 8, 1972, disqualifying claimant from receiving benefits on the ground that he voluntarily left his employment without good cause. The factual situation is similar to that present in *Matter of Hiken (Levine)* (40 A D 2d 926). In *Hiken,* it appeared that, "In response to the Industrial Commissioner's inquiry on the form 'Request for Wage and Separation Information'" as to the reason for claimant's separation, the Federal agency replied: "Resignation — RIF situation — Involuntary Separation". Accordingly, we reversed inasmuch as the determination of the Federal agency as to the reason for appellant's separation from employment is binding upon the board (U. S. Code, tit. 5, § 8506; *Matter of Schifferle [Catherwood]*, 33 A D 2d 847). Remittal to the board is necessary in the instant case since the record herein is devoid of any reference to the determination of the Federal agency as to the cause of appellant's separation from employment. Further development of the record with proper findings is therefore required. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Simons and Kane, JJ., concur.

JEROME O. GLUCKSMAN, Appellant, v. DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered May 31, 1972 in Ulster County, which denied the plaintiff's motion for summary judgment and dismissed the complaint. Appellant was convicted of the crimes of attempted extortion and conspiracy on May 27, 1971. He received concurrent indeterminate sentences from one to two years. After serving $6\frac{1}{2}$ months he was released on a certificate of reasonable doubt pending appeal. Appellant then instituted this action seeking a declaration that the statute requiring a minimum of one year imprisonment without benefit of credit for good time (former Correction Law, § 230, subd. 3), was improperly and unconstitutionally applied to him. The issue presented is one of law. While subdivision 2 of section 230 of the Correction Law provided for a reduction of sentence for good conduct, subdivision 3 of the same section specifically mandated that no prisoner could be released until he had served at least one year. A reading of former section 230 in its entirety clearly demonstrates that the legislative intent was to withhold good conduct reduction until the prisoner had served a minimum of one year. Consequently, subdivision 3 controlled, and we find it did not unconstitutionally deny appellant equal protection of the laws. Special Term, therefore, properly denied appellant's motion for summary judgment and dismissed the complaint. Order affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.